UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.;<br>CONDUCIVE MUSIC;<br>SPIRIT ONE MUSIC, A DIVISION OF<br>    SPIRIT MUSIC GROUP INC.;<br>EMBASSY MUSIC CORPORATION;<br>SONY/ATV SONGS LLC;<br>THE BERNARD EDWARDS COMPANY<br>    LLC;<br>RICK SPRINGFIELD MUSIC;<br>DEVO, INC. d/b/a DEVO MUSIC;<br>BMG RIGHTS MANAGEMENT GMBH d/b/a<br>    BMG RIGHTS MANAGEMENT US LLC<br>    d/b/a EMI VIRGIN SONGS,<br><br>          Plaintiffs,<br><br>v.<br><br>A.D.E. ENTERPRISES, INC. d/b/a KAPTAIN<br>    JIMMY'S RESTAURANT &<br>    DISTILLERY; and<br>ANTONIOS RIZOS;<br>ZANNIS GAZIS; and<br>JEANNETTE RIZOS, each individually,<br><br>          Defendants. | CIVIL ACTION NO.:<br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 15 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Conducive Music is a sole proprietorship owned by Janice-Marie Vercher. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Spirit One Music is a division of Spirit Music Group, Inc., a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Embassy Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Rick Springfield Music is a sole proprietorship owned by Richard Lewis Springthorpe. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Devo, Inc. is a corporation doing business as Devo Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff BMG Rights Management GmbH is a German limited liability company doing business as BMG Rights Management US LLC, a limited liability company doing business as EMI Virgin Songs. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant A.D.E. Enterprises, Inc. is a corporation organized and existing under the laws of the state of Massachusetts, which operates, maintains and controls an establishment known as Kaptain Jimmy's Restaurant & Distillery located at 916 Suffield St., Agawam, MA 01001, in this district (the "Establishment"). Defendant A.D.E. Enterprises, Inc.'s principal office, according to the records of the Secretary of the Commonwealth, is at 2 Geryk Court, and its Registered Agent for service of process is defendant Antonios Rizos, also at that address.

14. In connection with the operation of the Establishment, defendant A.D.E. Enterprises, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant A.D.E. Enterprises, Inc. has a direct financial interest in the Establishment.

16. Defendant Antonios Rizos is President and a Director of defendant A.D.E. Enterprises, Inc. with responsibility for the operation and management of that corporation and the

Establishment. He is a resident of the Commonwealth of Massachusetts, with an address at 2 Geryk Court, Southampton, Massachusetts 01073.

17. Defendant Antonios Rizos has the right and ability to supervise the activities of defendant A.D.E. Enterprises, Inc. and a direct financial interest in that corporation and the Establishment.

18. Defendant Zannis Gazis is Treasurer and a Director of Defendant A.D.E. Enterprises, Inc. with responsibility for the operation and management of that corporation and the Establishment. He is a resident of the State of Connecticut, with an address at 619 Hazard Avenue, Enfield, Connecticut 06082. He is subject to the personal jurisdiction of this Court because he regularly conducts business in the Commonwealth of Massachusetts on behalf of defendant A.D.E. Enterprises, Inc.

19. Defendant Zannis Gazis has the right and ability to supervise the activities of defendant A.D.E. Enterprises, Inc. and a direct financial interest in that corporation and the Establishment.

20. Defendant Jeannette Rizos is Secretary and a Director of defendant A.D.E. Enterprises, Inc. with responsibility for the operation and management of that corporation and the Establishment. She is a resident of the Commonwealth of Massachusetts, with an address at 12 Geryk Court, Southampton, Massachusetts 01073.

21. Defendant Jeannette Rizos has the right and ability to supervise the activities of defendant A.D.E. Enterprises, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

22. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21.

23. Since October 2018, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

24. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

25. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the

copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

26. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

27. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

28. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

29. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

30. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright

infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: February 7, 2020

BROADCAST MUSIC, INC. et al,
Plaintiffs,

By their attorneys,

/s/ William S. Strong
William S. Strong, Esq., BBO #483520
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
wstrong@kcslegal.com